# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PHOENIX INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-14-95-R |
| | ) |
| TAMMY WINTON, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is National Union Fire Insurance Company of Pittsburgh, PA.'s Motion to Intervene. Doc. No. 37. This case arises out of a multi-vehicle accident on November 11, 2007. Compl. ¶ 16. One car involved in the collision was driven by Sofia Roberts, who died as a result of the accident. *Id.* Multiple individuals sued Roberts' estate in state court in Oklahoma for negligence, and in 2011, the judgments entered in favor of the plaintiffs totaled $14 million. *Id.* ¶¶ 20, 25-26, 28-29.

According to the Complaint, Bob Moore Auto Group, Inc. ("Bob Moore") sold the vehicle that would be driven by Roberts in the accident to Mark Heitz on November 9, 2011, but the paperwork documenting the transfer of ownership was not completed until November 12, one day after the accident. Compl. ¶ 13. On November 9, Heitz sold the vehicle to Sofia and Raymond Roberts. *Id.* ¶ 14. On November 12, Heitz gave Bob Moore a check for the purchase of the vehicle, and on December 7, Heitz finalized the sale to Sofia and Raymond Roberts. *Id.* ¶¶ 17-18. Plaintiff, one of Bob Moore's insurance carriers, brought this action for a declaratory judgment against Roberts' estate and all

plaintiffs in the state court suits. Compl. 1, 3. Plaintiff seeks a declaratory judgment stating that Roberts was not an insured under the policy Plaintiff issued to Bob Moore; at the time of the accident, Roberts' car was not a covered "auto" under the terms of the policy; and Plaintiff is not a judgment debtor to Roberts' estate. Compl. 13.

National Union Fire Insurance Company of Pittsburgh, PA. ("National") seeks to intervene as a plaintiff in this action. It alleges that it is an additional insurer of Bob Moore, and it would like to seek a declaratory judgment that Roberts is not an "insured" under its policy, because Bob Moore did not own the vehicle the time of the accident, nor did Bob Moore give Roberts permission to use the vehicle; the vehicle is not a "covered auto" under its policy; and "National Union has no obligation to indemnify Roberts in connection with the underlying judgments, and National Union is not a judgment debtor to Roberts." Doc. No. 37, Ex. 1, at 8-10. National argues that it is entitled to intervene as of right under Federal Rule of Civil Procedure 24(a), but that, in the alternative, the Court should exercise its discretion under Rule 24(b) to permit National to intervene. Doc. No. 38, at 2. Plaintiff does not object to National's motion. Doc. No. 49. Without deciding whether National is entitled to intervene as of right, the Court grants its motion to intervene under Rule 24(b).

Under Rule 24(b)(1)(B), the Court may permit National to intervene if it "has a claim or defense that shares with the main action a common question of law or fact." One common question of law or fact shared between Plaintiff and National in this case is whether Bob Moore owned the car at the time of the accident. *See* Compl. 4, 13; Doc. No. 37, Ex. 1, at 8-10. "In exercising its discretion, the court must [also] consider

whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." FED. R. CIV. P. 24(b)(3). Given Plaintiff's lack of objection to this motion, and the fact that discovery continues in this case until February 1, 2015, Scheduling Order, Doc. No. 34, the Court finds that permitting National to intervene will not unduly delay or prejudice the adjudication of the parties' rights.

Because National's intervention will not prejudice the parties' rights, and it furthers the interests of judicial economy to have common questions of law or fact resolved in a single suit, National's motion to intervene [Doc. No. 37] is GRANTED.

IT IS SO ORDERED this 5th day of December, 2014.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE